

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-83,342-01

EX PARTE ROBERTO PEREZ, Applicant

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 12-CR-0909-B IN THE 117TH DISTRICT COURT DISTRICT COURT
FROM NUECES COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of possession of a controlled substance (cocaine) and one count of possession of a controlled substance (heroin). He was sentenced to twenty-five years' and fifteen years' imprisonment, respectively. The Thirteenth Court of Appeals affirmed his conviction. *Perez v. State*, No. 13-13-00017-CR (Tex. App.— Corpus Christi–Edinburg November 21, 2013) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because he failed to interview an eyewitness. The testimony of this eyewitness could have been used to challenge the credibility of the detaining officer, whose testimony the trial court relied on in denying Applicant's motion to suppress.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 24, 2015
Do not publish